UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
11-8-10
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Timothy Alan Connell,
        Plaintiff,

Case No.: 3:10-cv-221-J-20JRK

v.

Wayman E. Tate, et. Al.,
        Defendants
_____/

## BRIEF IN OPPOSITION TO DEFENDANT'S
## SUMMARY JUDGMENT MOTION

### STATEMENT OF THE CASE

This is a § 1983 Action filed by a prisoner at Union Correctional Institution,

seeking damages, declaratory judgment, and injunctive relief, based on the use of

force. Defendants have filed a Motion for Summary Judgment as to Plaintiff's use

of force claim against Defendants Tate, Thompson, and Inzar, arguing that their

conduct did not violate the constitution.

### STATEMENT OF FACTS

The Plaintiff's declaration submitted in response to the Defendants' Motion

states that on June 23rd, 2009 Defendants Tate, and Thompson attempted to move

Plaintiff, and after a disagreement and threats were made Plaintiff moved to another cell, See DOC # (18 )

Defendant Tate felt like he was disrespected so that on the day of June 24th, 2009, Defendant Tate out of retaliation deprived Plaintiff of his evening dinner meal. See EXHIBIT ("H").

The following day of June 25th, 2009 Defendant Tate deprived Plaintiff of his evening meal, again, twice in 2 days out of retaliation for not moving in a timely manner and cursing him out.

On the above date of June 25th, 2009 Plaintiff was forced out of his cell by Defendants Thompson and Inzar by forcing handcuffs on him and escorting Plaintiff to the Sergeant's Office where Plaintiff was physically assulted by Defendants Tate, Thompson, and Inzar, which resulted in several bodily inuries, Plaintiff, at no time, offered resistance, he was summarily beaten by Defendants for no justifiable reason allowed by law.

The Defendants' affidavits tell a different story. They claim that Plaintiff summarily refused his evening meal on June 24th, 2009 and refused to back away from his cell door on June 25th, 2009.

They further claim that upon Defendant's Thompson and Inzar opening the food port on June 25th, 2009 that Plaintiff complained of a shoulder injury thus they agreed to cuff Plaintiff in the front of his body they allege for the reason to see

the nurse, which is false, because in order for an inmate to see a nurse one would have to be in a life or death situation, e.g. bleeding etc. or else the proper procedure one would have to follow the sick call procedure which is Mon. thru Fri. 8:00 am to 5:00 pm. Not at night when the alleged force was used. Furthermore inmate was in boxers. Plaintiff contends that when have any inmate been pulled out of his cell to see a female nurse, in his boxers? See fixed video camera.

Defendants further allege that upon entering the quarterdeck Defendant Tate grabbed Plaintiff's handcuffs because Defendant claims that he was in fear of his safety, and other's, and Plaintiff jerked away an aggressive manner thus resulting in their justification to use force, alleging that Plaintiff's injuries resulted from Plaintiff's resistance.

## ARGUMENT

## Point # I

There are genuine issues of material fact that preclude summary judgment for the Defendants on the Plaintiff's use of excessive force claim, to be denied.

Summary Judgment is to be granted only  if the record before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c) Fed.R.Civ.P. A "material" fact is one that "might affect the outcome of the suit under the govening law." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

The affidavits of the Plaintiff and witness on behalf of Plaintiff and the Defendants are squarely contradictory as to the refusal and deprivation of Plaintiff's dinner meals, and as to what force was used, when it was used, and why it was used.

The allegations in the Plaintiff's affidavits and witnesses affidavits on behalf of Plaintiff portray a completely needless use of force against an inmate whome showed no physical resistance, broke no rules and done nothing to justify the malicious actions of Defendants to physically abuse Plaintiff. There is clearly issue(s) of genuine material fact(s) in dispute.

The factual dispute is also material. Under the governing law, whether the use of force by prison staff violates the Eighth Amendment depends on whether it was "applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, ____ U.S. _____, 112 S.Ct. 995, 998-99 (1992) ; Whitely v. Albers, 475 U.S. 312, 112 S.Ct. 1078 (1986). The facts alleged by the Plaintiff are evidence that the Defendants were acting "maliciously and sadistically to cause harm". They would support a jury verdict in the Plaintiff's favor. See Miller v. Leathers, 913 F.2d 1085, 1088 (4th Cir. 1990) (en banc) (retaliatory intent could be inferred from officers action), cert. Denied, 111 S.Ct. 1018 (1991); Oliver v. Collins, 914 F.2d 56, 59 (5th, Cir. 1990) (testimony that a beating was completely gratuitous and that no force at all was

necessary would support a finding of malice), <u>Lewis v. Downs</u>, 774 F.2d 711, 714

(6th, Cir. 1985) (evidence that an officer kicked a handcuffed person who was lying

on the ground showed malicious motivation.)

CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment

should be denied.

Timothy Alan Connell
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of he foregoing was

mailed via U.S. Postal Service to Assistant Attorney General, Lance E. Neff, PL-

01 The Capitol, Tallahassee, Florida 32399-2500 on this __3__ day of ~~October,~~ NOVEMBER

2010.

NOTARY PUBLIC-STATE OF FLORIDA
Jerome Lee
Commission # DD833761
Expires:   OCT. 26, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

Timothy Alan Connell
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000

FILED

11-8-10

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Timothy Alan Connell,
        Plaintiff,

                                            Case No.: 3:10-cv-221-J-20JRK

v.

Wayman E. Tate, et. Al.,
        Defendants

_____/

## MEMORANDUM OF LAW

1.      Summary Judgment Standard.

        Summary judgment is proper if the pleadings and sworn statements show

that there is [no] genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c).

        Plaintiff contends that summary judgment be denied if there are real genuine

issues of material facts in dispute. Plaintiff contends that there is in fact several

issues as to material facts in dispute. Fed.Civ.P. 56 (E).

#1.     The deprivation of Plaintiff's basic human needs such as Plaintiff being

deprived of the "minimal civilized measure of life's necessities such as the

deprivation of Plaintiff's evening meals (2) consecutive days violated Plaintiff's

Eighth Amendment right. See Rhodes v. Chapman, 452 U.S. at 347; accord Wilson

v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324 (1991).

See also <u>Helling v. McKinney</u>, _____ U.S. _____ , 113 S.Ct. 2475, 2480 (1993)

citing *Deshaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-

200, 109 S.Ct. 998 (1989) in which the Supreme Court has listed as basic human

needs: "Food, Clothing, Shelter, Medical Care, and Reasonable Safety."

The deprivation of Plaintiff's basic human needs of food for (2) consecutive

days by Defendant Tate and Inzar amounted to the "wanton and unnecessary

infliction of pain", Plaintiff suffered from harassment, hunger pains and acts of

retaliation for not moving in a timely manner and verbally disrespecting Defendant

Tate.

"Food is one of the basic necessities of life protected by the Eighth

Amendment" See: <u>Knop v. Johnson</u>, 667 F.Supp. 512, 525 (W.D. Mich., 1987),

Aff'd in pertinent part, 977 F.2d 996, 1000 (6th Cir. 1992), Cert. Denied, 113 S.Ct.

1415 (1993).

Deprivation of food for any substantial period of time can violate the

constitution. <u>Green v. Johnson</u>, 977 F.2d 1383, 1391 (10th Cir. 1992) (allegations

of 72-hour reduction in rations stated a claim); <u>Woods v. Thieret</u>, 903 F.2d 1080,

1082 (7th Cir. 1990) (allegations of three-day denial of food stated constitutional

claim); <u>Dearman v. Woodson</u>, 429 F.2d 1288, 1290 (10th Cir 1970) (Two days

deprivation of food stated a constitutional claim) <u>Hodge v. Ruperto</u>, 739 F.Supp.

873, 876 (S.D.N.Y. 1990) (Two and a half day denial of food prior to arraignment

stated a constitutional claim) ; <u>Willis v. Bell</u>, 726 F.Supp. 1118, 1121-22 (N.D.

2

Ill.1989)   (12-hour deprivation of food in police lock-up, if intentional, was "obviously unlawful").

The Supreme Court has identified deprivation of food to a suspect in custody as a type of "physical punishment" that can render a confession involuntary. Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041 (1973).

By Plaintiff submitting witness statements on behalf of Plaintiff showing that Defendants deprived Plaintiff of his basic human needs of food coupled with the fixed video camera substantiates Plaintiff's claims and shows that there are genuine issues for trial thus the denial of Defendant's motion for Summary Judgment is deemed proper. See: Fed.R.Civ.P. Rule 56 (E). Also See: Wilson v.Williams, 997 F.2d 348, 350-51 (7th Cir. 1993).

#2   Plaintiff contends that his Eighth Amendment right which forbiddens "cruel and unusual punishment" was violated when Defendants maliciously and sadistically used force on Plaintiff at cell front thereby forcing handcuffs on him in intent to force Plaintiff out of his cell to cause or inflict harm to jump on, beat Plaintiff for cursing Defendants out and refusing to move in a timely manner.. Violates the constitution.

Defendant's claim that they agreed to handcuff Plaintiff in the front of his body due to Plaintiff complaint of a shoulder injury while exercising in his cell which is total fabrication, and in attemp to justify their actions.

Plaintiff contends that there are genuine issues of material facts in dispute. See EXH., E,G,A,L,M,N.

By Defendant's falsifying documents, lying and breaking prison rules See: Violation of Florida Administrative Code Chapter 33-208.003 (32); Failure to follow oral or written instructions by virtue of violating post order number 11.12; which states any time an inmate is removed from his cell the inmate is to be handcuffed behind his back. If the inmate is not handcuffed behind his back, side handcuffs or other type restraints will be utilized or a waist chain and black box will be utilized in addition to the handcuffs. See EXH., F, page 1.

Plaintiff contends that Defendants forced handcuffs on Plaintiff to pull hiim out and did not bother to place handcuffs behind his back or utilize a wrist chain or other type of restraints because they knew that by forcing handcuffs was their only way to accomplish their intent to beat Plaintiff up. See Thomas v. Stalter, 20 F.3d 298, 302 (7th Cir. 1994) ; Hill v. Shelander, 913 F.2d 714, 717 (7th Cir. 1993) ; Valencia v. Wiggins, 981 F.2d at 1446; Miller v. Leathers, 913 F.2d 1085, 1088 (4th Cir 1990) (en banc) (The fact that Plaintiff had previously filed a grievance against the officer and that the officer removed him from his cell without a supervisor present in violation of prison regulations could support an inference that the officer intended to retaliate against Plaintiff), cert. Denied, 111 S.Ct. 1018 (1991); Oliver v. Collins, 914 F.2d 56, (5th Cir. 1990) Testimony that a beating was completely gratuitous and that no force at all was necessary would support a

4

finding of malice); <u>Lewis v. Downs</u>, 774 F.2d 711, 714 (6th Cir. 1985) (evidence that an officer kicked a handcuffed person who was lying on the ground showed malicious motivation.).

Plaintiff contends that he was forced out of his cell maliciously motivated by the intent to beat Plaintiff up in handcuffs violated Plaintiff's Eighth Amendment. See EXH., L,M,N.

Plaintiff contends that he has shown and established countless issues of genuine material facts exhibited by affidavits, declarations, and other supporting documents.

Plaintiff states that summary judgment be denied if there are real issues of material facts in dispute which Plaintiff has shown and supported by affidavits, declarations, and other documents. See <u>Fed.R.Civ.P. 56 (E)</u>.

DEFENDANTS ASSERT THAT THE PLAINTIFF CANNOT RECOVER

COMPENSATORY OR PUNITIVE DAMAGES, BASED ON THE ALLEGED

THAT PLAINTIFF DID NOT RECEIVE A " PHYSICAL INJURY ".

1.   Plaintiff contends that he received " Several Injuries " which resulted from

the physical brutality at the hands of Defendants Tate, Thompson and Inzar.

2.   Plaintiff contends that the result of the injuries of the injuries in which

Plaintiff sustained stemmed from the " Excessive Use of Force " by Defendants.

3.   Plaintiff contends that the courts have held that " Excessive use of force by

guards in prisons constitutes cruel and unusual punishment. In a very important

Supreme Court case called <u>Hudson v. McMillian</u>, 503 U.S.1 (1992) the Supreme

Court found a violation of the Eighth Amendment when prison officials  punched,

and kicked a prisoner, leaving him with minor bruises, swelling of his face and

mouth, and loose teeth.

4.   The court held that a guard's use of force violates the Eighth Amendment

when it is **[NOT]** applied " in a good faith effort to maintain or restore discipline "

but instead is used to " malicious and sadistically cause harm ."

5.   In other words " Excessive Force " is [A]ny phyiscal [contact] by a guard

that is meant to cause harm, rather then keep order.

6.   A review of the Plaintiff s Medical Record See EXH. O, Also See Exhibit's,

Affidavit's Declaration which substantiates to cause and inflict harm.

6

7.    Prisoners need not prove a serious or significant injury to establish an Eighth Amendment Violation nor recover compensatory or punitive damages. The degree of injury is " Relevant to the Eighth Amendment inquiry but does not end it. Hudson v. McMillian, 503 U.S. ? , 112 S.Ct. 995, 999 (1992); accord, McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir. 1990).

8.    The extent of injury is therefore " But one of the factor's considered. Even if the injuries suffered ' were not permanent or severe; a plaintiff may still recover if the force used was unreasonable and excessive. ' " Corselli v. Coughlin, 842 F.2d at 26 ( citation omitted ) ( Jury question was presented where inmate was allegedly knocked unconscious and sustained cut's, swelling, dizziness and blurred vision ); Accord, Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) ( Minor injuries are actionable when force is completely unjustified), Cert. Denied, 112 S.Ct. 1162 (1992); Gray v. Spillman, 925 F.2d 90, 93 (4th Cir. 1991), ( Injuries from completely unjustified spraying with fire hose were actionable even though not severe); United States v. Bigham, 812 F.2d 943, 999 (5th Cir.) and ( Where injury is minor, court must " Consider the context inwhich the incident occurred "); Bowman v. Casler, 622 F.Supp. 836, 838 (N.D.N.Y. 1985).

9.    One recent decision holds that force inflicting only a De Minimis injury can violate the Eighth Amendment if the force used is " Repugnant to the conscience of Mankind " or if " The pain itself [is] such that it can properly be said to constitute

7

mare than De Minimis injury. " <u>Norman v. Taylor</u>, 25 F.3d 1259, 1263 N.4(4th

Cir. 1994) (En Banc), Petition for Cert. Filed (Sept 12, 1994).

10.      As a practical matter, infliction of injuries such as bruises and abrasions will

be found unconstitutional if there is evidence of malicious or sadistic behavior by

the defendant's. <u>Hudson v. McMillian</u>, 112 S.Ct. at 1000 ( "Bruises, swelling,

loosened teeth); <u>Valencia v. Wiggins</u>, 981 F.2d 1440, 1443 (5th Cir.) ( Scratches,

cut's and bruises not requiring medical attention ) Cert. Denied, 113 S.Ct. 2448

(1993); <u>Oliver v. Collins</u>, 914 F.2d 56, 59 (5th Cir. 1990) ( Contusions, edema,

lumps, bruises, etc, stated a claim where the plaintiff alleged that force was

completely unprovoked ); <u>Molton v. City of Cleveland</u>, 839 F.2d 240, 249-50(6th

Cir. 1988) ( Bruises, abrasions and a nose bleed stated a claim where in arrestee

was knocked down and kicked while hand cuffed). Cert. Denied, 489 U.S. 1068

(1989);

11.      In plaintiff's situation, he did nothing to provoke nor resist or brek any

prison rules, thus making the use of force by defendant's to be unprovoked and

unreasonable and affidavits, declarations and other documentary evidence show's

that defendant's acted maliciously and sadistically to cause or inflict harm thus

showing plaintiff could recover compensatory and punitive damages.

## DEFENDANT'S ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

1.    Defendant claim that their actions in using force was done to defend themselves this entitling them to qualified immunity.

2.    Plaintiff contends that defendants are not entitled to qualified immunity as a matter of Law, because herein this declaration plaintiff has clearly shown genuine material facts, and has clearly shown that defendant's violated plaintiff's Eighth Amendment Right under the U.S. Constitution.

3.    Summarily plaintiff asserts that affidavit's, declaration, witness statements' and other documentary evidence establishes genuine material facts that show's how defendant's violated plaintiff's Constitutional Rights.

4.    Briefly, the deprivation of plaintiff's " Basic human need " such as the deprivation of plaintiff's evening meal's two (2) day's consecutively done sadistically and maliciously which resulted in the unnecessary infliction of pain, in which was not done in a good faith effort to maintain or restore discipline nor any other penological reason violated plaintiff's Eighth Amendment Right under the U.S. Constitution which forbids acts of " Cruel and Unusual Punishment. "

5.    Further more the enforcement of handcuff restraints utilized to force plaintiff out of his cell done maliciously and sadistically to cause or initiate harm by way of motivation to physically assault the plaintiff in the sergeants office while defendant's Esford and Cain watched but failed to do anything to prevent nor stop

the abuse by defendant's Tate, Thompson and Inzar after they maliciously and sadistically kicked and punched plaintiff violated his Eighth Amendment Right.

6.     Defendant's Tate, Thompson and Inzar clearly knew that their actions of physical assaulting the plaintiff was illegal thus falsifying documents and repots and breaking rules e.g. handcuffing plaintiff in the front of his body by force motivated by maliciously and sadistically to cause or inflict harm by forcing plaintiff out of his cell to " Jump On " him ( Physical Assault ).

7.     The actions of Cain and Esford and failing to protect or prevent the physical brutality from occurring violated plaintiff's Eighth Amendment Right of the U.S. Constitution and additionally violated State Law under F.S. 944.35(3)(D).

8.     Defendant's Cain and Esford personally watched the abuse by defendants Tate, Thompson and Inzar and specifically knew that it was illegal but failed to prevent or stop it nor report it as stated in Section 944.35(3)(D) F.S.

10

## CONCLUSION

Plaintiff requests that summary judgment be denied and Plaintiff demands

for a jury trial on all facts and Plaintiff be given judgment on all issues raised in

DOC #18 and relief be granted and any other relief this Honorable Court deems

fair.

Respectfully Submitted,

Timothy Alan Connell
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following was sent via U.S. Postal Service to Assistant Attorney General, Lance E. Neff, PL-01 The Capitol, Tallahassee, Florida 32399, also to the United States District Court, Jacksonville Division, 300 North Hogan St., Suite 9-150, Jacksonville, Florida 32022. *on Nov. 3, 2010.*

Timothy Alan Connell
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000

NOTARY PUBLIC-STATE OF FLORIDA
Jerome Lee
Commission # DD833761
Expires:   OCT. 26, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

12

# EXHIBITS
# FILED
# SEPARATELY